JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Paul Proudfoot and Christy Proudfoot h/w

## DEFENDANTS

Harbour Group, LTD, et al.

**(b)** County of Residence of First Listed Plaintiff   Chester County, PA
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   St. Louis County, MO
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Richard Jurewicz, Esq., GALFAND BERGER, 1818 Market St,
Philadelphia, PA  19103 (877) 228-1528

Attorneys (If Known)

See attachment

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

| | |
|---|---|
| ☐ 1  U.S. Government Plaintiff | ☐ 3  Federal Question (U.S. Government Not a Party) |
| ☐ 2  U.S. Government Defendant | ☒ 4  Diversity (Indicate Citizenship of Parties in Item III) |

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                                 and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☒ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT   (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☒ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN   (Place an "X" in One Box Only)

| | |
|---|---|
| ☐ 1  Original Proceeding | ☒ 2  Removed from State Court |
| ☐ 3  Remanded from Appellate Court | ☐ 4  Reinstated or Reopened |
| ☐ 5  Transferred from another district (specify) | ☐ 6  Multidistrict Litigation |
| ☐ 7  Appeal to District Judge from Magistrate Judgment | |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. Section 1332(a)

Brief description of cause:
products liability case removed from state court on diversity jurisdiction.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

DEMAND $
100,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions)      JUDGE                              DOCKET NUMBER

DATE
08/17/2009

SIGNATURE OF ATTORNEY OF RECORD

## FOR OFFICE USE ONLY

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

Counsel for Accrapak Systems Limited

Laurie Alberts Salita, Esquire
Blank Rome LLP
One Logan Square
130 N. 18th Street
Philadelphia, PA 19103-6998
P:  (215) 569-5329
F:  (215) 832-5329
Salita@blankrome.com


Counsel for Harbour Group, Ltd., ACE, Inc. d/b/a ACS Group and ACS Auxiliaries Division,
Cumberland Engineering Enterprises, Inc. t/d/b/a Cumberland Engineering Company, Nelmor
Co., Inc.

Bradley D. Remick, Esquire
Marshall, Dennehey, Warner, Coleman & Goggin
1845 Walnut Street
Philadelphia, PA  19103-4797
P:  (215) 575-2762
F:  (215) 575-0857
bdremick@mdwcg.com

# UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.**

Address of Plaintiff: 1505 Walnut Street, Coatseville, PA

Address of Defendant: St Lois, MO; Schaumburg, IL; South Attleboro, MA; Chesire, England

Place of Accident, Incident or Transaction: Pennsylvania

*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))  Yes☐  No☑

as to filing defendant

Does this case involve multidistrict litigation possibilities?  Yes☐  No☑

*RELATED CASE, IF ANY:*

Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes☐  No☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes☐  No☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?  Yes☐  No☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes☐  No☑

---

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

**A.** *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
   (Please specify)

**B.** *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☑ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify)

# ARBITRATION CERTIFICATION
*(Check appropriate Category)*

I, _____, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: _____   _____   _____

Attorney-at-Law   Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 8/17/2009   _____   87884

Attorney-at-Law   Attorney I.D.#

CIV. 609 (6/08)

# UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: __1505 Walnut Street, Coatseville, PA__

Address of Defendant: __St Lois, MO; Schaumburg, IL; South Attleboro, MA; Chesire, England__

Place of Accident, Incident or Transaction: __Pennsylvania__

*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))    Yes☐    No☑

*as to filing defendant*

Does this case involve multidistrict litigation possibilities?    Yes☐    No☑

*RELATED CASE, IF ANY:*

Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
    Yes☐    No☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
    Yes☐    No☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
    Yes☐    No☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
    Yes☐    No☑

---

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify)

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☑ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify)

# ARBITRATION CERTIFICATION

*(Check appropriate Category)*

I, _____, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: _____    _____    _____
                            Attorney-at-Law              Attorney I.D.#

**NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.**

---

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __8/17/2009__    _____    __87884__
                        Attorney-at-Law              Attorney I.D.#

CIV. 609 (6/08)

**APPENDIX G**

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

PAUL PROUDFOOT, et ux.          :
                                :
          V.          :          Civil Action
                                :          No: _____
Harbour Group, LTD, et. al.     :
                                :

## DISCLOSURE STATEMENT FORM

Please check one box:

☑          The nongovernmental corporate party, ___Accrapak Systems Limited___
           , in the above listed civil action does not have any parent corporation and
           publicly held corporation that owns 10% or more of its stock.

❑          The nongovernmental corporate party, _____
           , in the above listed civil action has the following parent corporation(s) and
           publicly held corporation(s) that owns 10% or more of its stock:

_____

_____

_____

_____

___8/17/2009___                          _____
Date                                     Signature

          Counsel for: ___Accrapak Systems Limited___

## Federal Rule of Civil Procedure 7.1 Disclosure Statement

(a)     WHO MUST FILE; CONTENTS.  A nongovernmental corporate party must file
        two copies of a disclosure statement that:
        (1)     identifies any parent corporation and any publicly held corporation
                owning10% or more of its stock;  or

        (2)     states that there is no such corporation.

(b) TIME TO FILE; SUPPLEMENTAL FILING.  A party must:
        (1)     file the disclosure statement with its first appearance, pleading,
                petition, motion, response, or other request addressed to the court;
                and
        (2)     promptly file a supplemental statement if any required information
                changes.

**APPENDIX I**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| PAUL PROUDFOOT, et ux. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| HARBOUR GROUP, LTD, et al. | : | |
| | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. §2241 through §2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. (✓)

| | | |
|---|---|---|
| August 14, 2009 | Laurie Alberts Salita | Ace, Inc. & Accrapack Systems |
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 569-5329 | (215) 832-5329 | salita@blankrome.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

PAUL PROUDFOOT and          :
CHRISTY PROUDFOOT h/w     :
1505 Walnut Street           :   CIVIL ACTION NO._____
Coatesville, PA 19320        :
          Plaintiffs,   :
              :   **JURY TRIAL DEMANDED**
    vs.          :
              :
HARBOUR GROUP, LTD     :
7701 Forsyth Blvd.         :
St. Louis, MO  63105       :
              :
        And       :
              :
ACE, INC. d/b/a ACS GROUP and ACS :
AUXILIARIES DIVISION    :
1100 E. Woodfield Road, Suite 588 :
Schaumburg, IL  60173      :
              :
        And       :
              :
CUMBERLAND ENGINEERING   :
ENTERPRISES, INC., t/d/b/a CUMBERLAND :
ENGINEERING COMPANY    :
100 Roddy Avenue         :
South Attleboro, MA  02703-7951 :
              :
        And       :
              :
NELMOR CO., INC.         :
100 Roddy Avenue
South Attleboro, MA  02703-7951 :
              :
        And       :
              :
ACCRAPAK  SYSTEMS LIMITED  :
Burtonwood Industrial Centre   :
Burton Warrington         :
Cheshire, England (UKL) WA54HX :
              :
        Defendants.  :

## NOTICE OF REMOVAL

Defendant Accrapak Systems Limited (Accrapak), by and through its undersigned counsel, hereby notices the removal of this action from the Court of Common Pleas of Philadelphia County, where it is now pending, April Term 2009, No. 000966, to the United States District Court for the Eastern District of Pennsylvania, pursuant to 28 U.S.C. § 1441 et seq. In support of this removal, Defendant avers as follows:

1.     Plaintiffs, Paul and Christy Proudfoot, initiated this action by filing a Complaint in the Philadelphia County Court of Common Pleas.   Plaintiffs then amended the original Complaint to add additional defendants.  The Amended Complaint was filed on or about July 23, 2009.

2.     A true and correct copy of the Plaintiffs' Amended Complaint is attached hereto as Exhibit "A".   Plaintiffs served Defendant Accrapak with the Amended Complaint on or about July 28, 2009.  This Notice is, therefore, timely.

3.     A United States District Court has original jurisdiction over a case if the parties' citizenship is completely diverse and the amount in controversy exceeds $75,000 exclusive of interest and costs.  See 28 U.S.C. § 1332(a).

4.     In their Amended Complaint, the Plaintiffs aver that they are citizens of the Commonwealth of Pennsylvania residing at 1505 Walnut Street, Coatesville, Pennsylvania. See Exhibit "A."

5.     Accrapak is an English company with its place of business in Burtonwood Warrington, Cheshire, England.  Defendant has no place of business within the United States, or specifically, Pennsylvania.

6.      Defendant Harbor Group, Ltd. ("Harbor") is not a Pennsylvania corporation nor is it located in Pennsylvania.  Indeed, Plaintiffs allege that Harbor is "incorporated in a State other than the Commonwealth of Pennsylvania with a principal place of business . . .[in] Missouri." See id.

7.      Defendants AEC, Inc. d/b/a ACS GROUP and its ACS Auxiliaries Division ("ACS") is not a Pennsylvania corporation, and it is not located in Pennsylvania.  Indeed, Plaintiffs allege that ACS is "incorporated in a State other than the Commonwealth of Pennsylvania with a principal place of business . . .[in] Illinois."  See id.

8.      Defendant Cumberland Engineering Enterprises, Inc. t/d/b/a Cumberland Engineering Company ("Cumberland") is not a Pennsylvania corporation nor is it located in Pennsylvania.  Indeed, Plaintiffs allege that Cumberland is "incorporated in a State other than the Commonwealth of Pennsylvania with a principal place of business . . .[in] Massachusetts."  See id.

9.      Defendant Nelmore Co., Inc. ("Nelmore") is not a Pennsylvania corporation nor is it located in Pennsylvania.  Indeed, Plaintiff alleges that Nelmore is "incorporated in a State other than the Commonwealth of Pennsylvania with a principal place of business . . .[in] Massachusetts."  See id.

10.     All of the foregoing Defendants other than Accrapak are hereinafter referred to as the ACS entities.[1]

11.     Thus, complete diversity existed at the time of the incident giving rise to this litigation and continues to exist.

900200.00001/21792857v.1

12.     The Plaintiffs' Complaint alleges that damages exceed "One Hundred Thousand Dollars ($100,000.00) exclusive of interest and costs." See id.

13.     Thus, as the Plaintiffs claim damages in excess of $75,000, the requisite amount in controversy exists for diversity jurisdiction.

14.     Moreover, all Defendants have consented to the removal of this action.

15.     Accordingly, the United States District Courts have original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a), and this action is removable to this Court pursuant to 28 U.S.C. § 1441.

16.     Pursuant to 28 U.S.C. § 1446(d), Accrapak will file a copy of this Notice of Removal with the Prothonotary of the Court of Common Pleas of Philadelphia County and will serve the same on the adverse party.

17.     By filing this Notice, Accrapak does not waive any defenses or arguments that it has available to it, nor does Accrapak subject itself to the jurisdiction of this or any other Court. Accrapak specifically reserves the right to contest that it is subject to the personal jurisdiction of the Courts of this Commonwealth.

---

[1] Accrapak understands that the parties intend to file a stipulation stating that ACS Auxiliary, Inc. is the correct ACS entity to respond to the allegations in Plaintiffs' Amended Complaint. ACS Auxiliary, Inc. is not a Pennsylvania corporation and its principal place of business is not in Pennsylvania. Thus, diversity jurisdiction remains.

WHEREFORE, Accrapak hereby removes this action presently pending against it in the

Court of Common Pleas of Philadelphia County, Pennsylvania, to the United States District

Court for the Eastern District of Pennsylvania.

Respectfully submitted,

BLANK ROME LLP

BY: _____
    LAURIE ALBERTS SALITA
    One Logan Square
    130 N. 18th Street
    Philadelphia, PA 19103
    (215) 569-5500

Counsel for Defendant Accrapak Systems Limited

Consented to by:

MARSHALL, DENNEHEY, WARNER,
COLEMAN & GOGGIN

BY: _____
    BRADLEY D. REMICK
    1845 Walnut Street
    Philadelphia, PA 19103-2600
    (215) 575-2762

Counsel for Defendants Harbor, ACS, Cumberland
and Nelmore

5

# EXHIBIT A

GALFAND BERGER, LLP
BY:    RICHARD M. JUREWICZ, ESQUIRE
IDENTIFICATION NO.: 39436
1818 Market Street, Suite 2300
Philadelphia, PA 19103
215-665-1600

THIS IS A MAJOR JURY TRIAL
ASSESSMENT OF DAMAGES
HEARING IS REQUIRED

Filed and attested by
PROTHONOTARY
23 JUN 2009 05:23 pm
A. MANZELLO

Attorney for Plaintiffs

---

| | | |
|---|---|---|
| PAUL PROUDFOOT and | : | COUNTY OF PHILADELPHIA |
| CHRISTY PROUDFOOT, h/w | : | COURT OF COMMON PLEAS |
| 1505 Walnut Street | : | CIVIL TRIAL DIVISION |
| Coatesville, PA 19320 | : | |
| | : | |
| Plaintiffs | : | MAJOR JURY DEMANDED |
| | : | |
| v. | : | |
| | : | |
| | : | |
| HARBOUR GROUP, LTD | : | April Term: 2009 |
| 7701 Forsyth Blvd. | : | |
| St. Louis, MO  63105 | : | No.: 00966 |
| | : | |
| and | : | |
| | : | AMENDED CIVIL COMPLAINT |
| AEC, Inc. d/b/a ACS GROUP and | : | |
| ACS Auxiliaries Division | : | |
| 1100 E. Woodfield Road, Suite 588 | : | |
| Schaumburg, Ill 60173 | : | |
| | : | |
| and | : | |
| | : | |
| CUMBERLAND ENGINNERING | : | |
| ENTERPRISES, INC., t/d/b/a | : | |
| CUMBERLAND ENGINEERING COMPANY | : | |
| 100 Roddy Avenue | : | |
| South Attleboro, MA  02703-7951 | : | |
| | : | |
| and | : | |
| | : | |
| NELMOR CO. , INC. | : | |
| 100 Roddy Avenue | : | |
| South Attleboro, MA  02703-7951 | : | |
| | : | |
| and | : | |
| | : | |

**ACCRAPAK SYSTEMS LIMITED**     :
**Burtonwood Industrial Centre**     :
**Burtonwood Warrington**     :
**Cheshire, England (UK) WA5 4HX**     :
    :
                **Defendants**     :

## <u>NOTICE</u>

You have been sued in Court.  If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served, by entering a written appearance personally or by an attorney and filing in writing with the Court your defenses or objections to the claims set forth against you.  You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the Court without further notice for any money claimed in the Complaint or for any other claim or relief requested by the Plaintiff.  You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO NOT HAVE A LAWYER GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW.  THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

Lawyer Referral Service
One Reading Center
1101 Market Street, 11th Floor
Philadelphia, Pennsylvania 19107
(215) 238-6333

## AVISO

Le han demandado en la corte.  Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo de la demanda y notificacion para asentar una comparesencia escrita en persona o por su abogado y archivar con la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona.  Sea avisado que si usted no se defiende, la corte puede continuar la demanda en contra suya y puede entrar una decision contra usted sin aviso o notificacion adicional por la cantidad de dinero de la demanda o por cualquier reclamacion hecha por el demandante.  Usted puede perder dinero o propiedad u otros derechos importantes para usted.

USTED DEBE DE LLEVAR ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE.  SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE PARA PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITO ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

ASSOCIACION DE ABOGADOS DE FILADELFIA
Servicio De Referencia E Informacion Legal
1101 Market Street, 11th Floor
Filadelfia, Pennsylvania 19107
(215) 238-6333

## AMENDED COMPLAINT – CIVIL ACTION

1.      Plaintiffs Paul Proudfoot and Christy Proudfoot are husband and wife, adults and citizens and residents of the Commonwealth of Pennsylvania residing therein at 1505 Walnut Street, Coatesville, PA 19320.

2.      On April 13, 2009 Plaintiffs filed a Civil Action Complaint in the Court of Common Pleas of Philadelphia County, Pennsylvania, Civil Action number 090400966 bearing the caption of Paul Proudfoot and Christy Proudfoot, h/w v. Accrapak Systems Limited.

3.      As of the filing of this Amended Complaint, Defendant Accrapak Systems Limited has not filed an answer to the Civil Action Complaint, so therefore Plaintiffs can file their Amended Complaint as a matter of right and without leave of Court

4.      Defendant Harbour Group, Ltd., is a foreign corporation, incorporated in a State other than the Commonwealth of Pennsylvania with a principal place of business at 7701 Forsyth Boulevard, St. Louis, Missouri 63105.

5.      Defendant AEC, Inc. does business as ACS Group.

6.      Defendant AEC, Inc., and its ACS Auxiliaries Division, is a foreign corporation, incorporated in a State other than the Commonwealth of Pennsylvania with a principal place of business at 1100 E. Woodfield Road, Suite 588, Schaumburg, Ill 60173.

7.      Defendant Cumberland Engineering Enterprises, Inc., t/d/b/a Cumberland Engineering Company is a foreign corporation, incorporated in a State other than the Commonwealth of Pennsylvania with a principal place of business at 100 Roddy Avenue, South Attleboro, MA 02703-7951.

8.      Defendant Nelmor Co., Inc., is a foreign corporation, incorporated in a State other than the Commonwealth of Pennsylvania with a principal place of business at 100 Roddy Avenue, South Attleboro, MA 02703-7951.

9.      It is believed and therefore averred, that Defendant Nelmor Co., Inc., is a wholly owned subsidiary of Defendant Cumberland Engineering Enterprises, Inc., t/d/b/a Cumberland Engineering Company.

10.      It is believed and therefore averred, that Defendant Cumberland Engineering Enterprises, Inc., t/d/b/a Cumberland Engineering Company is a wholly owned subsidiary of Defendant AEC, Inc., and its ACS Auxiliaries Division.

11.      It is believed and therefore averred, that Defendant Cumberland Engineering Enterprises, Inc., t/d/b/a Cumberland Engineering Company and Defendant AEC, Inc., and its ACS Auxiliaries Division are wholly owned subsidiaries of Defendant Harbour Group, Ltd.

12.      Defendants Harbour Group, Ltd., AES, Inc., Cumberland Engineering Enterprises, Ltd., and Nelmor Co., Inc., and, shall hereinafter be collectively referred to as the "ACS Defendants."

13.      Based on information and belief, at all times material hereto one or more of the ACS Defendants regularly conducted business in the Commonwealth of Pennsylvania and in Philadelphia County.

14.      Defendant Accrapak Systems Limited is a foreign corporation incorporated in a State other than the Commonwealth of Pennsylvania with a principle place of business at Burtonwood Industrial Centre, Burtonwood Warrington, Cheshire, England (UK) WA5 4HX.

15.      Based on information and belief, at all times material hereto Defendant Accrapak Systems Limited conducted business in the Commonwealth of Pennsylvania and in Philadelphia County.

16.      At all material times, Defendant Accrapak Systems Limited was engaged in the business of designing, manufacturing, selling and distributing pelletizer machinery and

equipment for the plastics industry, including but not limited to Dual Drive 900 Strand pelletizer and 750 Strand pelletizer machines.

17.     At all times set forth herein, ACS Defendants were regularly engaged in the business of marketing, promoting, leasing and selling and distributing pelletizer machinery and equipment for the plastics industry, including but not limited to Dual Drive 900 Strand pelletizer and 750 Strand pelletizer machines.

18.     The ACS Defendants are importers and distributors of scrap reclaim systems and equipment including but not limited to palletizers and granulator machinery.

19.     Defendant ASL is an exporter of scrap reclaim systems to the United States of America. The scrap reclaim systems it exports includes palletizer and granulator machines.

20.     In exporting its granulator and palletizer machinery to the United States of America, Defendant ASL knows and has reason to know that its exported equipment will be resold by its US importers to end users and purchasers located in the Commonwealth of Pennsylvania.

21.     Defendant ASL exports its equipment and machinery to the ACS Defendants.

22.     The ACS Defendants are importers of equipment and machinery manufactured by Defendant ASL.

23.     At a time prior to July 24, 2008, Defendant Accrapak Systems Limited designed, manufactured, sold and placed into the stream of commerce by exporting to the United States of America Model Number 900-6 Strand pelletizer machine, Serial Number 10416-11-05.

24.     Defendant ASL sold the model number 900-6 stand palletizer machine serial number 10416-11-05 to the ACS Defendants, particularly Defendants ACS Auxillaries, NELMOR and Cumberland Engineering Enterprises, Inc.

25.    Based on information and belief, the aforementioned Model Number 900-6 Strand

pelletizer machine was subsequently sold by the ACS Defendants to Plaintiff husband's

employer, AGC Chemical of America to be used in AGC's Thorndale, Pennsylvania facility.

26.    Based upon information and belief, Plaintiffs aver that with the design,

manufacture and sale of the subject Model 900-6 Strand pelletizer machine, all Defendants

knew, anticipated and expected that preventative maintenance would be done on the machine on

a daily, weekly, monthly, bi-yearly and annual basis.

27.    In particular, based upon information and belief, Plaintiffs aver that when

Defendant Accrapak designed and manufactured and AEC Defendants supplied the

aforementioned Model 900-6 Strand pelletizer machine all Defendants were aware, knew or

reasonably expected or should have expected that the cutting knife/blade in the machine as well

as other parts including the lag feed roll and knurled feed roll which move the plastic

strands/strings into the cutting knife would have to be serviced, maintained and repaired.

28.    Based upon information and belief, Plaintiffs aver that Defendant Accrapak

Systems Limited and AEC Defendants knew, anticipated or should have expected that on

occasion maintenance workers and operators would have to manually adjust, remove and/or

reposition parts including the cutting chamber and feed table tray on the Accrapak palletizer

machines.

29.    Included in the design and manufacture of the subject 900-6 Model Strand

pelletizer machine were limit switches fitted to the machine hood such that when the main cover

was lifted for cleaning or maintenance the machine was supposed to stop.

30.    On July 24, 2008 in the course and scope of his employment with AGC Chemical

of America, Plaintiff Paul Proudfoot was servicing the aforementioned Model 900-6 Strand

pelletizer machine by replacing the cutting blade.  After being summoned by the machine operator to investigate a grinding noise, Mr. Proudfoot lifted the lid of the machine to remove the feed tray to access the nature of the problem.   While attempting to troubleshoot the problem, Mr. Proudfoot inadvertently hit the start button causing the machine to cycle.  His right hand got pulled in between the rollers and into the cutting knife severely lacerating and causing avulsion injuries to his right hand and right index, long and ring fingers suffering serious and permanent injuries described more extensively below.

31.   Plaintiff Paul Proudfoot accident and injuries were caused by the defective and unsafe design of the aforementioned Model 900-6 Strand pelletizer machine.

## COUNT I - NEGLIGENCE
## PLAINTIFF PAUL PROUDFOOT v. DEFENDANT ACCRAPAK SYSTEMS LIMITED

32.   Plaintiffs incorporate by reference each and every preceding paragraph with the same force and effect as though set forth fully here at length.

33.   Defendant's negligence consisted of the following acts and omissions:

   a.   Failure to design, manufacture, market and sell the aforementioned Strand pelletizer machine with due care;

   b.   Failure to incorporate on the aforementioned Strand pelletizer machine proper and adequate safety features for the product's foreseeable and intended uses and foreseeable misuses;

   c.   Failure to provide proper and adequate warnings and instructions on the use, operation, servicing and maintaining of said machine;

   d.   Failure to provide warnings on the aforementioned machine notifying all users, operators and service personnel that the machine could start up at any time;

   e.   Failure to provide a proper and reliable fail safe interlock guarding system for the aforementioned pelletizer machine;

f.  Failure to provide a captive key interlock feature such that once any lids were in the open position all power sources and energy to the machine would be de-energized until the key would be reinserted into the machine;

g.  Failure to provide a visual alarm or indicator that would alert all personnel in the vicinity of the machine when power to the machine was still on;

h.  Failure to minimize to the fullest extent possible the foreseeable hazards and risks of injury associated with the design of the aforementioned strand pelletizer machine and particularly any moving parts inside the feed tray area including the rollers and cutting knives;

i.  Failure to provide every element and safety feature necessary to make this product for its reasonably foreseeable and intended uses;

j.  Failure to provide a protective cover for the control box so that the machine could not be inadvertently or accidentally started;

k.  Failure to provide a lock out box/receptacle disconnect switch on the machine where the plug/cord was located;

l.  Failure to provide a magnetic interlock or other limit switch for the feed tray assembly area of the machine;

m.  Providing an extension cord that required the equipment to be locked out and tagged out remotely; and

n.  Failure to provide redundancy electrical safety switch that will not allow machine to run, cycle or be energized unless mechanical rod is adjusted through and into slotted hole of the frame of the lid.

34.     As a direct and proximate result of the Defendant's negligence and the unsafe condition of the aforementioned 900-6 Strand pelletizer machine, Plaintiff Paul Proudfoot suffered the following injuries and damages:

a.  Severe laceration to the right hand and fingertips of the index, long and ring fingers;

b.  Loss of the tips of fingers and nail beds;

c.  Damage to the nerves of Plaintiff's index, long and ring fingers causing altered sensation and hypersensitivity;

d.  Disfigurement;

e.   Great pain, suffering and the loss of life's pleasures, past and future;

f.   Emotional distress, anxiety and despair, past and future;

g.   Loss of earnings, past and future and lost of earning capacity; and

h.   Hospital, medical and rehabilitation expenses, past and future.

**WHEREFORE,** for all of which damages Plaintiff demands judgment against Defendant

Accrapak Systems Limited in an amount in excess of One Hundred Thousand Dollars

($100,000.00) exclusive of interest and costs.

**COUNT II - NEGLIGENCE**
**PLAINTIFF PAUL PROUDFOOT v. AEC DEFENDANTS**

35.   Plaintiffs incorporate by reference each and every preceding paragraph with the

same force and effect as though set forth fully here at length.

36.   Defendants' negligence consisted of the following acts and omissions:

a.   Failure to design, manufacture, market and sell the aforementioned Strand
     pelletizer machine with due care;

b.   Failure to incorporate on the aforementioned Strand pelletizer machine
     proper and adequate safety features for the product's foreseeable and
     intended uses and foreseeable misuses;

c.   Failure to provide proper and adequate warnings and instructions on the
     use, operation, servicing and maintaining of said machine;

d.   Failure to provide warnings on the aforementioned machine notifying all
     users, operators and service personnel that the machine could start up at
     any time;

e.   Failure to provide a proper and reliable fail safe interlock guarding system
     for the aforementioned pelletizer machine;

f.   Failure to provide a captive key interlock feature such that once any lids
     were in the open position all power sources and energy to the machine
     would be de-energized until the key would be reinserted into the machine;

g. Failure to provide a visual alarm or indicator that would alert all personnel in the vicinity of the machine when power to the machine was still on;

h. Failure to minimize to the fullest extent possible the foreseeable hazards and risks of injury associated with the design of the aforementioned strand pelletizer machine and particularly any moving parts inside the feed tray area including the rollers and cutting knives;

i. Failure to provide every element and safety feature necessary to make this product for its reasonably foreseeable and intended uses;

j. Failure to provide a protective cover for the control box so that the machine could not be inadvertently or accidentally started;

k. Failure to provide a lock out box/receptacle disconnect switch on the machine where the plug/cord was located;

l. Failure to provide a magnetic interlock or other limit switch for the feed tray assembly area of the machine;

m. Providing an extension cord that required the equipment to be locked out and tagged out remotely; and

n. Failure to provide redundancy electrical safety switch that will not allow machine to run, cycle or be energized unless mechanical rod is adjusted through and into slotted hole of the frame of the lid.

37.   As a direct and proximate result of the defective condition of the Model 900-6 Strand pelletizer machine involved in Plaintiff's accident, Plaintiff Paul Proudfoot suffered the injuries and damages set forth in paragraph 34(a) – (h) above.

**WHEREFORE**, for all of which damages Plaintiff demands judgment against Cumberland Defendants and each of them in an amount in excess of One Hundred Thousand Dollars ($100,000.00) exclusive of interest and costs.

## COUNT III – STRICT LIABILITY
## PLAINTIFF PAUL PROUDFOOT v. DEFENDANT ACCRAPAK SYSEMS LIMITED
## AND AEC DEFENDANTS

38.     Plaintiffs repeat, re-allege and incorporate by reference each and every preceding allegation as though set forth fully here at length as if incorporated herein by reference.

39.     The aforementioned Model 900-6 Strand pelletizer machine was defective and unsafe when it left the control of all Defendants because it was unsafe for the reasonably foreseeable and intended uses.

40.     The subject Model 900-6 Strand pelletizer machine caused Plaintiff Paul Proudfoot's injuries when he used this product in a reasonably foreseeable and intended use.

41.     The aforementioned Model 900-6 Strand pelletizer machine was not equipped with every element necessary to make it safe for is intended and foreseeable uses when sold and placed into the stream of commerce by Defendants.

42.     The aforementioned Model 900-6 Strand pelletizer machine was unreasonably dangerous and defective pursuant to the doctrines of strict liability as established by Pennsylvania law and Section 402A of the Restatement (Second) of Torts.

43.     Defendant Accrapak Systems Limited and AEC Defendants are strictly liable for placing into the stream of commerce a defective and unsafe product pursuant to the doctrines of strict liability and Section 402A of the Restatement (Second) of Torts.

44.     As a direct and proximate result of the defective condition of the Model 900-6 Strand pelletizer machine involved in Plaintiff's accident, Plaintiff Paul Proudfoot suffered the injuries and damages set forth in paragraph 34(a) – (h) above.

**WHEREFORE**, for all of which damages Plaintiff demands judgment against all Defendants and each of them in an amount in excess of One Hundred Thousand Dollars ($100,000.00) exclusive of interest and costs.

### COUNT IV – BREACH OF WARRANTIES
### PLAINTIFF PAUL PROUDFOOT v. DEFENDANT ACCRAPAK SYSTEMS LIMITED AND AEC DEFENDANTS

45.  Plaintiffs repeat, re-allege and incorporate by reference each and every allegation set forth in the preceding paragraphs with the same force and effect as if fully set forth here at length.

46.  At some time prior to July 24, 2008 and well known to all Defendants, all Defendants expressly represented or in some other manner, expressed warranties that the subject Model 900-6 Strand pelletizer machine and its component parts were safe for use for the purposes intended and were of merchantable quality.

47.  At some time prior to July 24, 2008 and well known to Defendants, Defendants represented or warranted by implication that the subject Model 900-6 Strand pelletizer machine and its component parts were reasonably fit for the purposes intended and were of merchantable quality.

48.  The representations and warranties set forth in the preceding paragraphs formed part of the bargain for selling the Model 900-6 Strand pelletizer machine in question and was relied upon by Plaintiff-husband and his employer when Defendants sold and/or supplied this product to ACG Chemical of America and when Plaintiff used this product for its intended purpose pursuant to its employment duties.

49.  In truth and in fact, the above representation of Defendant was false.

50.     As a direct and proximate result of the aforementioned breach of warranties, Plaintiff Paul Proudfoot suffered the following injuries and damages set forth in paragraph 34(a) – (h) above.

**WHEREFORE**, for all of which damages Plaintiff demands judgment against all Defendants and each of them in an amount in excess of One Hundred Thousand Dollars ($100,000.00) exclusive of interest and costs.

### COUNT IV – LOSS OF CONSORTIUM
### PLAINTIFF CHRISTY PROUDFOOT v. DEFENDANT ACCRAPAK SYSTEMS LIMITED AND AEC DEFENDANTS

51.     Plaintiffs repeat, re-allege and incorporate by reference each and every allegation set forth in the preceding paragraphs with the same force and effect as if fully set forth here at length.

52.     On July 24, 2008 Plaintiff-wife Christy Proudfoot was married to Plaintiff-husband Paul Proudfoot.

53.     In the event that Plaintiff-husband Paul Proudfoot prevails on any of his causes of action against Defendants, Plaintiff-wife Christy Proudfoot is entitled to be compensated for her loss of consortium as a result of Plaintiff-husband's accident and injuries.

54.     As a direct and proximate result of Plaintiff Paul Proudfoot's accident and injuries, Plaintiff Christy Proudfoot suffered the following injuries and damages:

     a.  Loss of the services, society and conjugal fellowship of Plaintiff-husband and;

     b.  Also Plaintiff-husband's earning assistance.

55.     All Defendants are jointly and severally liable to Plaintiffs for Plaintiff's accident, injuries and damages.

**WHEREFORE**, for all of which damages Plaintiff Christy Proudfoot demands judgment against all Defendants and each of them for a sum in excess of One Hundred Thousand Dollars ($100,000.00) exclusive of interest and costs.

Respectfully submitted,
**GALFAND BERGER, LLP**

BY:_____

**RICHARD M. JUREWICZ, ESQUIRE**
**Attorney for Plaintiffs**
**Attorney I.D. No.: 39436**
**1818 Market Street, Suite 2300**
**Philadelphia, PA 19103**
**215-665-6829**
**rjurewicz@galfandberger.com**

## VERIFICATION

I hereby affirm that the following facts are correct:

I am the Plaintiff in the foregoing action and the attached Amended Complaint is based upon information which I have furnished to my counsel and information which has been gathered by my counsel in preparation of my lawsuit. The language of the Amended Complaint is that of counsel and not of me. I have read the Amended Complaint and to the extent that the Amended Complaint is based upon information which I have given to my counsel, it is true and correct to the best of my knowledge, information and belief. To the extent that the content of the Amended Complaint is that of counsel, I have relied upon counsel in making this Verification. I hereby acknowledge that the facts set forth in the aforesaid Amended Complaint are made subject to the penalties of 18 Pa.C.S. §4904 relating to unsworn falsification to authorities.

DATE: 7-16-09

PAUL PROUDFOOT

DATE: 7/16/09

CHRISTY PROUDFOOT

## <u>CERTIFICATE OF SERVICE</u>

I, Laurie Alberts Salita, Esquire, hereby certify that on behalf of the Defendant, I caused

a true and correct copy of the foregoing Defendant's Notice of Removal to be served via First

Class Mail to counsel of record addressed as follows:

Richard Jurewicz, Esq.
Galfand Berger, LLP
1818 Market Street, Suite 2300
Philadelphia, PA 19103

Counsel for Plaintiffs


Bradley D. Remick
Marshall, Dennehey, Warner, Coleman & Goggin
1845 Walnut Street
Philadelphia, PA 19103-2600

Counsel for Defendants Harbor, ACS, Cumberland and Nelmore


/S/ Laurie A. Salita, Esquire

Dated: 8/17/09